Gilman *v.* The City of Portland.

---

# COUNTY OF PENOBSCOT.

JONATHAN GILMAN *versus* THE CITY OF PORTLAND.

In an action by the master of a house of correction to recover the expenses incurred in support of a pauper therein, a declaration upon an account annexed to the writ is sufficient.

The certificate "Examined and allowed" by the county commissioners upon the account, is sufficient in such a case.

In such an action, the costs of commitment cannot be recovered.

Nor money paid to redeem clothes pawned by the pauper.

As such an action is "an action against a town for the support of paupers," full costs are recoverable, although the damages recovered are less than twenty dollars.

ON REPORT from *Nisi Prius*, KENT, J., presiding. The case is stated in the opinion.

*F. E. Shaw*, for plaintiff.

*E. Fox*, for defendants.

The opinion of the Court was drawn up by

APPLETON, C. J.—The plaintiff, as master of the house of correction for the county of Penobscot, brings this action to recover of the defendants the costs in criminal proceedings, on the part of the State against Harriet Carr, and against Edward Hodgkins, and the expenses incurred in the support of the latter after his commitment to his custody. The individuals in question are admitted to have their settlement in the city of Portland.

Objections are interposed to the plaintiff's recovery, relating to the form of the action, the damages to be recovered, as well as to the amount of costs in the event judgment should be rendered for a sum less than twenty dollars. All these will be examined and considered in the order of their presentation.

(1.) This is assumpsit upon an account annexed. It is urged that there should be a special count under the statute. But this is not necessary. By R. S., 1841, c. 178, § 21, which authorizes this suit, it is provided that the master " may commence and prosecute his action at law for the same, declaring as upon an implied promise." This the plaintiff has done. It is manifestly the mode of declaring intended by the Legislature. It was adopted in *Weymouth* v. *Gorham*, 22 Maine, 385. It was recognized as correct in *Wade* v. *Salem*, 7 Pick., 333.

(2.) The certificate of allowance of the plaintiff's claim, by the county commissioners, is denied to be proper or sufficient. By R. S., 1841, c. 178, § 19, the master of every house of correction is required " to keep an exact account of all profits and earnings that shall arise from the labor of all such as shall be committed to his care and custody, and

of his disbursements for their support and maintenance," and to " present the same account, upon oath, unto the commissioners," &c. " The commissioners may make such further allowance as they think reasonable, in special cases, for the care, labor and services of the master, besides the allowance of one-third part of the earnings provided in the seventh section" of c. 178. By § 20, after the account of such master shall have been duly proved and certified to be correct, by the commissioners, he shall have a right to demand the same of the person committed, if of age, otherwise of his parent, master or guardian; and, if there be not sufficient estate of the parties liable as aforesaid, the same may be demanded of the overseers of the poor wherein such person shall have his legal settlement." By § 21, " fourteen days after demand made, in writing," but " within two years after the date of the certificate of allowance," the master " may commence and prosecute his action at law" for the " money so ascertained to be due."

It is not questioned but that the account was " duly proved." It is contended that the certificate of the county commissioners, that it was " examined and allowed," is not enough. It was duly proved, examined and allowed. The certificate we think sufficient. The county commissioners were to audit the claims of the master of the house of correction. They were not to adjudicate upon them finally. In case of notice to the adverse party, their certificate is, by § 21, only " presumptive evidence of the claim;" but, whether notified or not, the amount allowed " shall be liable to be disproved by evidence to be offered on the part of the respondent."

(3.) The plaintiff claims to recover the costs in the several criminal prosecutions in which the judgments were rendered and the warrants of commitment issued, under and by virtue of which he was authorized to detain the persons committed in the house of correction. But this claim cannot be allowed.

The statute contemplates that the persons committed shall

perform labor, and that two-thirds of their net earnings may suffice for their support in certain cases. But if any person committed, " shall, from sickness or any other cause, be unable to work, so as to support himself out of his share of earnings, the master shall then comfortably provide for and take care of him and be reimbursed as hereinafter provided." §§ 17 and 18.

The sum " due to any master of such house, from any person therein committed," is the balance over and above the share allowed for the prisoner's support from his earnings, expended in comfortably providing for and taking care of them, &c. The costs incurred in the proceedings against a prisoner are anterior to his commitment. The master has nothing to do with them. They are regulated by statute and they cannot, on any grounds, be properly included in the sum " due" the master. They were not so included in the amount for which the certificate of the county commissioners was given, even if they might have been. The plaintiff can only recover for " the sum so ascertained to be due."

(4.) The money paid to redeem the clothes of Hodgkins, which were in pawn, cannot be allowed. It does not appear that the payment was made by the authority of the defendants.

(5.) As the amount which the plaintiff will be entitled to recover is less than twenty dollars, it is insisted that his costs must be limited to one-quarter of the sum recovered. But such is not the statute. By R. S., 1857, c. 82, § 97, actions " by or against towns, for the support of paupers," are excepted from the restriction as to costs imposed when the judgment does not exceed twenty dollars. This is an action against a town " for the support" of a pauper. It may involve his settlement. That may be put in issue and the plaintiff would fail, unless he could prove it to be in the defendant town. This differs not from any suit between town and town for the support of a pauper, and is precisely provided for in the exception, to which we have referred.

The case of *Rawson* v. *New Sharon*, 43 Maine, 318, was correctly decided, but it is inapplicable. The plaintiff, a physician, there sued for services rendered the defendant town, at their instance and request. They were not rendered under the provisions of any statute, but in pursuance of a contract between the parties. As between them, it could not be distinguished from any other suit against a town, for any description of services. The settlement of the pauper was not in controversy. The only questions to be determined were the amount and value of the plaintiff's services; whether he had been employed and, if employed, whether he had been paid or not.

*Defendants defaulted for* $11,79,
*and interest.—Full costs allowed.*

RICE, CUTTING, DAVIS and WALTON, JJ., concurred.
KENT, J., concurred in the result.